SUMMARY ORDER

Movant-appellant James K. Thomas (“Thomas”) appeals from the October 3, 2006 judgment of the United States District Court for the Southern District of New York (Kaplan, J.), denying his motion to set aside a monetary award made to him by Special Master Kenneth Feinberg, pursuant to a class-action lawsuit brought by *30 the Latino Officers Association of City of New York, Inc., and others similarly situated, against defendant-appellee the City of New York. We assume the parties’ familiarity with the facts and procedural history of this case.
“[A] district court’s decision regarding the form and content of notices sent to class members is reviewed only for an abuse of discretion.” Masters v. Wilhelmina Model Agency, Inc., 473 F.3d 423, 438 (2d Cir.2007). The adequacy of the notice itself is reviewed for reasonableness. See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 113 (2d Cir.2005). In addition, “[w]e review a district court’s factual conclusions related to a settlement agreement ... under the clearly erroneous standard of review.” Omega Eng’g, Inc. v. Omega, S.A., 432 F.3d 437, 443 (2d Cir. 2005).
On appeal, Thomas argues that the notice of a proposed settlement of the class-action lawsuit sent to potential class members did not inform class members that the decisions of the special master, who was appointed pursuant to the settlement agreement, were binding on those who submitted claims and not appealable to the district court. However, the record establishes that class members received a notice of settlement and claim packet. Included in the packet was a “Claims Procedure” form that stated that the special master’s decisions on claims were “final, binding and not appealable.” Potential claimants were also warned to read the documents included in the packet in their entirety and submit their claims in accordance with the procedures therein. It is undisputed that Thomas received the packet. Although Thomas claims he did not receive the Claims Procedure form in the packet, Judge Kaplan concluded that “he obviously overlooked the relevant part of the Claims Procedure, which was part of the package that contained the forms that he filled out and filed.” Order, dated Oct. 3, 2006, at 2. This finding is not clearly erroneous in light of the undisputed facts that Thomas filed three claims pursuant to the procedures described in the Claims Procedure form and admits to receiving the other documents that accompanied that form. Thus, Thomas had fair notice of the binding nature of the special master’s award. See Wal-Mart Stores, 396 F.3d at 114 (stating that notice of a class-action settlement “must fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings”(internal quotation marks omitted)).
Thomas also argues that the district court did not give him an opportunity to reply to appellees’ response to his motion to set aside the special master’s award. While the record indicates that the district court did rule on Thomas’s motion without giving him a chance to respond, nothing he presented below or in this Court brings into question the district court’s finding that he received the claim packet, which included the notice of the proposed settlement. Therefore, to the extent the district court may have erred in failing to allow Thomas an opportunity to respond, any such error was harmless. See Coach Leatherware Co. v. AnnTaylor, Inc., 933 F.2d 162, 167 (2d Cir.1991) (holding that, in a summary judgment context, “[a]bsent some indication that the moving party might otherwise bring forward evidence that would affect [the district court’s decision], failure to provide an opportunity to respond is not reversible error”).
For the reasons discussed, the judgment of the district court is AFFIRMED.